UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-CV-20489

| | |
|---|---|
| DELIKRUNCH S.A.S., a Columbian Company, | * * * |
| Plaintiff, | * * |
| v. | * * |
| FRESHLY V INC, a Florida Profit Corporation, | * * * |
| Defendant. | * * |

* * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Plaintiff, DELIKRUNCH S.A.S., sues Defendant, FRESHLY V INC, and states:

1. This is an action for damages. A present controversy exists between the parties. FRESHLY V INC has failed to pay DELIKRUNCH S.A.S. for overdue amounts arising out of the sale of food-related goods.

## Venue and Jurisdiction

2. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a).

3. DELIKRUNCH S.A.S. is a company incorporated under the laws of the Republic of Colombia with its principal place of business in the Republic of Columbia. It is deemed a citizen of the Republic of Columbia for purposes of 28 U.S.C. § 1332(c).

4. FRESHLY V INC is a Florida Profit Corporation, with its principal place of business at 7610 NW 25th Street, Suite 04, Miami, Florida 33122.

5. The amount in controversy, without interests and costs, exceeds $75,000.00.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

7. DELIKRUNCH S.A.S. has retained the law firm of Perez Mayoral, P.A. in connection with the filing of this action and has agreed to pay counsel a reasonable fee for their services. DELIKRUNCH S.A.S. is entitled to its reasonable attorneys' fees and costs for bringing this action pursuant to the contract between DELIKRUNCH S.A.S. and FRESHLY V INC.

8. All conditions precedent for bringing this action have been fully performed, waived, or excused.

## BACKGROUND

9. In August of 2020, DELIKRUNCH S.A.S. entered into an agreement with FRESHLY V INC involving the sale and shipment of thousands of units of food items, (hereinafter referred to as the "Sale Agreement").

10. As part of the Sale Agreement, DELIKRUNCH S.A.S. sold and shipped 210,519 lbs. of food items to FRESHLY V INC – namely five containers of Hawaiian Style Tostones and packaging materials (hereinafter referred to as the "Food Items") between August and September of 2020.

11. Defendant received the Food Items, but failed to pay Plaintiff for them.

12. On or about October 10, 2021, FRESHLY V INC executed a contract titled "Payment (Installment) Agreement" (hereinafter "Payment Installment Agreement") where FRESHLY V INC (1) acknowledged that it owed DELIKRUNCH S.A.S. $229,375.07, (2) agreed to pay the amount owed ($229,375.07) under a specific payment plan, and (3) agreed that upon default, FRESHLY V INC would be liable to pay all reasonable attorney's fees and costs of collection to DELIKRUNCH S.A.S.  The Payment Installment Agreement is attached hereto as "Exhibit A."

## COUNT 1 – BREACH OF CONTRACT (SALE AGREEMENT)

13. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 - 12 as though fully set forth herein.

14. Plaintiff and Defendant entered into an agreement for the sale of the Food Items, the "Sale Agreement."

15. Pursuant to the terms of the Sale Agreement, Defendant is obligated to pay Plaintiff the agreed upon price for the Food Items sold to Defendant.

16. Defendant breached the Sale Agreement by failing to make the required payment.

17. Plaintiff has been damaged by Defendant's breach of the Sale Agreement.

18. Defendant owes Plaintiff $172,679.74, plus interest, costs and attorneys' fees pursuant to the Sale Agreement.

WHEREFORE, DELIKRUNCH S.A.S. demands judgment in its favor for damages, costs, pre- and post-judgment interest, and such other and further relief as this Court may deem just and proper.

## COUNT 2 – BREACH OF CONTRACT (PAYMENT INSTALLMENT AGREEMENT)

19. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 - 12 as though fully set forth herein.

20. Plaintiff and Defendant entered into an agreement for the repayment of a debt owed by Defendant to Plaintiff, the "Payment Installment Agreement" – attached as "Exhibit A."

21. Pursuant to the terms of the Payment Installment Agreement, Defendant agreed to repay the debt of $229,375.07 owed to Plaintiff.

22. Defendant has failed to repay the debt of $229,375.07 and has defaulted under the Payment Installment Agreement.

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

23. Defendant breached the Payment Installment Agreement by failing to make the required payment.

24. Plaintiff has been damaged by Defendant's breach of the Payment Installment Agreement.

25. Defendant owes Plaintiff $172,679.74, plus interest, costs, costs of collection, and attorneys' fees pursuant to the Payment Installment Agreement.

WHEREFORE, DELIKRUNCH S.A.S. demands judgment in its favor for damages, costs, pre- and post-judgment interest, and reasonable attorneys' fees and such other relief as this Court deems just and proper.

## COUNT 3 – OPEN ACCOUNT

26. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 - 12 as though fully set forth herein.

27. Defendant owes Plaintiff the sum of $172,679.74 that is due with interest, as evidenced by the Statement of Account attached as "Exhibit B".

WHEREFORE, DELIKRUNCH S.A.S. demands judgment in its favor for damages, costs, pre- and post-judgment interest, and reasonable attorneys' fees and such other relief as this Court deems just and proper.

## COUNT 4 – GOODS SOLD

28. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 - 12 as though fully set forth herein.

29. Defendant owes Plaintiff the sum of $172,679.74 that is due with interest for the goods listed on the Statement of Account, attached as "Exhibit B".

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

WHEREFORE, DELIKRUNCH S.A.S. demands judgment in its favor for damages, costs, pre- and post-judgment interest, and reasonable attorneys' fees and such other relief as this Court deems just and proper.

## COUNT 5 – UNJUST ENRICHMENT

30. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 - 12 as though fully set forth herein.

31. Plaintiff has conferred a benefit on the Defendant, who has knowledge thereof.

32. Defendant voluntarily accepted and retained the benefit conferred.

33. The circumstances render Defendant's retention of the benefit inequitable unless the Defendant pays to Plaintiff the value of the benefit.

34. Defendant has been unjustly enriched at the expense of Plaintiff.

35. Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

WHEREFORE, DELIKRUNCH S.A.S. demands judgment in its favor for damages, costs, pre- and post-judgment interest, and reasonable attorneys' fees and such other relief as this Court deems just and proper.

Dated this 16th day of February.

        Respectfully submitted,

        PEREZ MAYORAL, P.A.
        *Counsel for Plaintiff*
        999 Ponce De Leon Blvd., Suite 705
        Coral Gables, Florida 33134
        Telephone: 305-928-1077
        Facsimile: 305-402-6299
        Primary E-mail: mmayoral@pmlawfla.com
        Secondary E-mail: eromero@pmlawfla.com

By:   s/ Michael P. Mayoral
        Michael P. Mayoral, Esq.
        Florida Bar No. 112080

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law