UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-CV-20489

| | |
|---|---|
| DELIKRUNCH S.A.S., a Columbian Company, | \* \* \* |
| Plaintiff, | \* \* |
| v. | \* \* |
| FRESHLY V INC, a Florida Profit Corporation, | \* \* \* |
| Defendant. | \* \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FIRST AMENDED COMPLAINT**

Plaintiff, DELIKRUNCH S.A.S., sues Defendant, FRESHLY V INC, and states:

1. This is an action for damages. A present controversy exists between the parties. FRESHLY V INC has failed to pay DELIKRUNCH S.A.S. for overdue amounts arising out of the sale of food-related goods.

**Venue and Jurisdiction**

2. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a).

3. DELIKRUNCH S.A.S. is a company incorporated under the laws of the Republic of Colombia with its principal place of business in the Republic of Columbia. It is deemed a citizen of the Republic of Columbia for purposes of 28 U.S.C. § 1332(c).

4. FRESHLY V INC is a Florida Profit Corporation, with its principal place of business at 7610 NW 25th Street, Suite 04, Miami, Florida 33122.

5. The amount in controversy, without interests and costs, exceeds $75,000.00.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

---
**PEREZ MAYORAL, P.A.**
Attorneys at Law

7. DELIKRUNCH S.A.S. has retained the law firm of Perez Mayoral, P.A. in connection with the filing of this action and has agreed to pay counsel a reasonable fee for their services. DELIKRUNCH S.A.S. is entitled to its reasonable attorneys' fees and costs for bringing this action pursuant to the Payment Installment Agreement between DELIKRUNCH S.A.S. and FRESHLY V INC.

8. All conditions precedent for bringing this action have been fully performed, waived, or excused.

## COUNT I – BREACH OF CONTRACT (SALE AGREEMENT)

9. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 to 8 as though fully set forth herein.

10. In August of 2020, DELIKRUNCH S.A.S. entered into an agreement with FRESHLY V INC involving the sale and shipment of thousands of units of food items, (hereinafter referred to as the "Sale Agreement.")

11. As part of the Sale Agreement, DELIKRUNCH S.A.S. sold and shipped approximately 210,626.24 lbs. of food items to FRESHLY V INC, specifically five separate containers of Hawaiian Style Tostones, product samples, and packaging materials (hereinafter referred to as the "Food Items") between August and November of 2020.

12. The first container contained approximately 42,076.00 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

13. The first container of Food Items was shipped to Defendant on August 27, 2020, and was thereafter received by the Defendant.

14. The unit price of the first container's Food Items was $0.95 per pound.

15. The overall price of the first container's Food Items and product samples was $39,972.20.

16. The second container contained approximately 42,076.00 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

17. The second container of Food Items was shipped to Defendant on August 27, 2020, and was thereafter received by the Defendant.

18. The unit price of the second container's Food Items was $0.95 per pound.

19. The overall price of the second container's Food Items was $39,972.20.

20. The third container contained approximately 42,067.22 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

21. The third container of Food Items was shipped to Defendant on September 3, 2020, and was thereafter received by the Defendant.

22. The unit price of the third container's Food Items was $0.95 per pound.

23. The overall price of the third container's Food Items was $39,963.86.

24. The fourth container contained approximately 42,150.41 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

25. The fourth container of Food Items was shipped to Defendant on September 25, 2020, and was thereafter received by the Defendant.

26. The unit price of the fourth container's Food Items was $0.95 per pound.

27. The overall price of the fourth container's Food Items was $40,042.89.

28. The fifth container contained approximately 42,256.61 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

29. The fifth container of Food Items was shipped to Defendant on November 6, 2020, and was thereafter received by the Defendant.

30. The unit price of the fifth container's Food Items was $0.95 per pound.

31. The overall price of the fifth container's Food Items was $40,143.78.

32. Defendant agreed to pay the above-listed prices for the Food Items, specifically $39,972.20 for container one, $39,972.20 for container two, $39,963.86 for container three, $40,042.89 for container four, and $40,143.78 for container five, and $25,740 for delivery expenses, totaling $225,834.93.

33. Defendant received all five containers, received the ordered Food Items, but has failed to pay Plaintiff for all Food Items received, in violation of the Sales Agreement.

34. Defendant made partial payments as to the above-listed amounts in the amount of $56,695.26.

35. Defendant owes Plaintiff $169,139.67 pursuant to the Sale Agreement.

WHEREFORE, DELIKRUNCH S.A.S. demands judgment in its favor for damages, pre- and post-judgment interest, and such other and further relief as this Court may deem just and proper.

**COUNT II – BREACH OF CONTRACT (PAYMENT INSTALLMENT AGREEMENT)**

36. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 to 8 as though fully set forth herein.

37. On or about October 10, 2021, FRESHLY V INC executed a contract titled "Payment (Installment) Agreement" (hereinafter "Payment Installment Agreement") where

---

**PEREZ MAYORAL, P.A.**
Attorneys at Law

FRESHLY V INC (1) acknowledged that it owed DELIKRUNCH S.A.S. $229,375.07, (2) agreed to pay the amount owed ($229,375.07) under a specific payment plan, and (3) agreed that upon default, FRESHLY V INC would be liable to pay all reasonable attorney's fees and costs of collection to DELIKRUNCH S.A.S.

38. Plaintiff and Defendant entered into an agreement for the repayment of a debt owed by Defendant to Plaintiff, the "Payment Installment Agreement" – attached as "Exhibit A."

39. The Payment Installment Agreement was executed by the parties in counterparts.

40. The Defendant's President, Raynier Plasencia, signed the Payment Installment Agreement, attached hereto as "Exhibit A."

41. Pursuant to the terms of the Payment Installment Agreement, Defendant agreed to repay the debt of $229,375.07 owed to Plaintiff.

42. Defendant has failed to repay the entire debt of $229,375.07 and has defaulted under the Payment Installment Agreement.

43. Defendant is currently still operating as a revenue generating business and maintains a shipment center at Defendant's principal place of business at 16600 NW 54 AVE, Suite 26, Miami Gardens, FL 33014.

44. Defendant's cashflow has allowed for Defendant to make payments to Plaintiff for at least some amount of money due under the Payment Installment Agreement, however Defendant has paid zero dollars – not one cent – to Plaintiff under the Payment Installment Agreement for the last year, since approximately May 4, 2021, in breach of the terms of the Payment Installment Agreement.

45. Defendant breached the terms Payment Installment Agreement and has defaulted under it by failing to make the required payments.

46. Plaintiff has been damaged by Defendant's breach of the Payment Installment Agreement.

47. Defendant made partial payments as to the above-listed amounts in the amount of $56,695.26 between November of 2020 and May of 2021.

48. Defendant owes Plaintiff $172,679.81, plus interest, costs, costs of collection, and attorneys' fees pursuant to the Payment Installment Agreement.

WHEREFORE, DELIKRUNCH S.A.S. demands judgment in its favor for damages, costs, pre- and post-judgment interest, and reasonable attorneys' fees and such other relief as this Court deems just and proper.

## COUNT III – OPEN ACCOUNT

49. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 to 8 as though fully set forth herein.

50. In August of 2020, DELIKRUNCH S.A.S. entered into an agreement with FRESHLY V INC involving the sale and shipment of thousands of units of food items.

51. As part of the agreement, DELIKRUNCH S.A.S. sold and shipped approximately 210,626.24 lbs. of food items to FRESHLY V INC, specifically five separate containers of Hawaiian Style Tostones, product samples, and packaging materials (hereinafter referred to as the "Food Items") between August and November of 2020.

52. The first container contained approximately 42,076.00 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

53. The first container of Food Items was shipped to Defendant on August 27, 2020, and was thereafter received by the Defendant.

54. The unit price of the first container's Food Items was $0.95 per pound.

55. The overall price of the first container's Food Items and product samples was $39,972.20.

56. The second container contained approximately 42,076.00 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

57. The second container of Food Items was shipped to Defendant on August 27, 2020, and was thereafter received by the Defendant.

58. The unit price of the second container's Food Items was $0.95 per pound.

59. The overall price of the second container's Food Items was $39,972.20.

60. The third container contained approximately 42,067.22 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

61. The third container of Food Items was shipped to Defendant on September 3, 2020, and was thereafter received by the Defendant.

62. The unit price of the third container's Food Items was $0.95 per pound.

63. The overall price of the third container's Food Items was $39,963.86.

64. The fourth container contained approximately 42,150.41 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

65. The fourth container of Food Items was shipped to Defendant on September 25, 2020, and was thereafter received by the Defendant.

66. The unit price of the fourth container's Food Items was $0.95 per pound.

67. The overall price of the fourth container's Food Items was $40,042.89.

---

**PEREZ MAYORAL, P.A.**
Attorneys at Law

68. The fifth container contained approximately 42,256.61 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

69. The fifth container of Food Items was shipped to Defendant on November 6, 2020, and was thereafter received by the Defendant.

70. The unit price of the fifth container's Food Items was $0.95 per pound.

71. The overall price of the fifth container's Food Items was $40,143.78.

72. Defendant agreed to pay the above-listed prices for the Food Items, specifically $39,972.20 for container one, $39,972.20 for container two, $39,963.86 for container three, $40,042.89 for container four, and $40,143.78 for container five, and $25,740 for delivery expenses, totaling $225,834.93.

73. The Food Items were delivered to the Defendant.

74. Defendant accepted, retained, and sold the Food Items.

75. The sales price of .95 cents a pound was agreed to by the Defendant.

76. The sales price of .95 cents per pound represents a fair value for the goods actually shipped and delivered to Defendant.

77. Defendant received all five containers, received the ordered Food Items, but has failed to pay Plaintiff for all Food Items received.

78. Defendant made partial payments as to the above-listed amounts in the amount of $56,695.26.

79. Defendant owes Plaintiff the sum of $169,139.67 that is due with interest, as evidenced by the Itemized Statement attached as "Exhibit B".

WHEREFORE, DELIKRUNCH S.A.S. demands judgment in its favor for damages, pre- and post-judgment interest, and such other relief as this Court deems just and proper.

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

## COUNT IV – GOODS SOLD

80. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 to 8 as though fully set forth herein.

81. In August of 2020, DELIKRUNCH S.A.S. entered into an agreement with FRESHLY V INC involving the sale and shipment of thousands of units of food items.

82. As part of the agreement, DELIKRUNCH S.A.S. sold and shipped approximately 210,626.24 lbs. of food items to FRESHLY V INC, specifically five separate containers of Hawaiian Style Tostones, product samples, and packaging materials (hereinafter referred to as the "Food Items") between August and November of 2020.

83. The first container contained approximately 42,076.00 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

84. The first container of Food Items was shipped to Defendant on August 27, 2020, and was thereafter received by the Defendant.

85. The unit price of the first container's Food Items was $0.95 per pound.

86. The overall price of the first container's Food Items and product samples was $39,972.20.

87. The second container contained approximately 42,076.00 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

88. The second container of Food Items was shipped to Defendant on August 27, 2020, and was thereafter received by the Defendant.

89. The unit price of the second container's Food Items was $0.95 per pound.

90. The overall price of the second container's Food Items was $39,972.20.

---

**PEREZ MAYORAL, P.A.**
Attorneys at Law

91. The third container contained approximately 42,067.22 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

92. The third container of Food Items was shipped to Defendant on September 3, 2020, and was thereafter received by the Defendant.

93. The unit price of the third container's Food Items was $0.95 per pound.

94. The overall price of the third container's Food Items was $39,963.86.

95. The fourth container contained approximately 42,150.41 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

96. The fourth container of Food Items was shipped to Defendant on September 25, 2020, and was thereafter received by the Defendant.

97. The unit price of the fourth container's Food Items was $0.95 per pound.

98. The overall price of the fourth container's Food Items was $40,042.89.

99. The fifth container contained approximately 42,256.61 lbs. of Hawaiian Style Tostones (the aforementioned "Food Items"), which conformed with the specifications of the goods ordered by Defendant.

100. The fifth container of Food Items was shipped to Defendant on November 6, 2020, and was thereafter received by the Defendant.

101. The unit price of the fifth container's Food Items was $0.95 per pound.

102. The overall price of the fifth container's Food Items was $40,143.78.

103. Defendant agreed to pay the above-listed prices for the Food Items, specifically $39,972.20 for container one, $39,972.20 for container two, $39,963.86 for container three,

$40,042.89 for container four, and $40,143.78 for container five, and $25,740 for delivery expenses, totaling $225,834.93.

104. The Food Items were delivered to the Defendant.

105. Defendant accepted, retained, and sold the Food Items.

106. The sales price of .95 cents a pound was agreed to by the Defendant.

107. The sales price of .95 cents per pound represents a fair value for the goods actually shipped and delivered to Defendant.

108. Defendant received all five containers, received the ordered Food Items, but has failed to pay Plaintiff for all Food Items received.

109. Defendant made partial payments as to the above-listed amounts in the amount of $56,695.26.

110. Defendant owes Plaintiff the sum of $169,139.67 that is due with interest, as evidenced by the Itemized Statement attached as "Exhibit B".

WHEREFORE, DELIKRUNCH S.A.S. demands judgment in its favor for damages, pre- and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT

111. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 - 110 as though fully set forth herein.

112. Plaintiff has conferred a benefit on the Defendant, who has knowledge thereof, in the form of providing Defendant with $225,834.93 worth of the aforementioned Food Items (210,626.24 lbs. of Hawaiian Style Tostones).

113. The Food Items were delivered to the Defendant.

114. Defendant accepted, retained, and sold the Food Items.

115. The sales price of .95 cents a pound was agreed to by the Defendant.

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

116. The sales price of .95 cents per pound represents a fair value for the goods actually shipped and delivered to Defendant.

117. Defendant voluntarily accepted and retained the benefit conferred.

118. Defendant made partial payments as to the above-listed amounts in the amount of $56,695.26.

119. Defendant has failed to pay the remaining sum of $169,139.67.

120. The circumstances render Defendant's retention of the benefit inequitable unless the Defendant pays to Plaintiff the value of the benefit.

121. Defendant has been unjustly enriched at the expense of Plaintiff.

122. Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

WHEREFORE, DELIKRUNCH S.A.S. demands judgment in its favor for damages, pre- and post-judgment interest, and such other relief as this Court deems just and proper.

Dated this 26th day of May, 2022.

Respectfully submitted,

PEREZ MAYORAL, P.A.
*Counsel for Plaintiff*
999 Ponce De Leon Blvd., Suite 705
Coral Gables, Florida 33134
Telephone: 305-928-1077
Facsimile: 305-402-6299
Primary E-mail: mmayoral@pmlawfla.com
Secondary E-mail: eromero@pmlawfla.com

By: s/ Michael P. Mayoral
Michael P. Mayoral, Esq.
Florida Bar No. 112080

---

**PEREZ MAYORAL, P.A.**
Attorneys at Law