UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-20489-KMM

DELIKRUNCH S.A.S,
a Columbian Company,

    Plaintiff,

v.

FRESHLY V INC,
a Florida Profit Corporation

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant FRESHLY V INC's ("Defendant") Motion to Dismiss ("Mot.") (ECF No. 29) Plaintiff DELIKRUNCH S.A.S.'s ("Plaintiff") First Amended Complaint ("FAC") (ECF No. 21). Plaintiff filed a response in opposition, ("Resp.") (ECF No. 31), and Defendant did not file a reply. The Motion is now ripe for review.

**I.   BACKGROUND**

This is a breach of contract action regarding two contracts for the sale of food-related goods. *See generally* FAC. In the first contract (the "Sales Agreement"), Plaintiff agreed to sell, and Defendant agreed to buy, "thousands of units of food items." *Id*. ¶ 9. After Defendant failed to make payments on the Sales Agreement, the parties entered a second agreement (the "Payment Installment Agreement") in which Defendant (1) acknowledged that it owed Plaintiff $229,375.07 under the Sales Agreement, (2) agreed to pay that amount under a specific payment plan, and (3) agreed that upon default, Defendant would be liable to pay all reasonable attorney's fees and costs of collection to Plaintiff. *Id*. ¶ 37.

Plaintiff commenced this action on May 26, 2022, asserting that Defendant failed to pay Plaintiff for overdue amounts relating to the two contracts. *Id.* ¶ 1. In the FAC, Plaintiff asserts five claims against Defendant: (1) breach of contract based on the Sales Agreement; (2) breach of contract based on the Payment Installment Agreement; (3) open account; (4) goods sold; and (5) unjust enrichment. Plaintiff attached to the FAC the Payment Installment Agreement, (ECF No. 21-1), as well as an itemized statement relating to its claim for an open account (ECF No. 21-2).

Now, Defendant moves to dismiss the FAC for failure to state a claim. *See generally* Mot.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal citation and quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. DISCUSSION

Defendant moves to dismiss the FAC on four grounds. Defendant first asserts the claim for breach of contract based on the Sales Agreement ("Count I") should be dismissed because Plaintiff failed to attach the Sales Agreement to the FAC. *See* Mot. at 4. Next, Defendant asserts the claim for breach of contract based on the Payment Installment Agreement ("Count II") should be dismissed because (1) the agreement that Plaintiff attached to the FAC is not fully executed, and (2) Plaintiff fails to "plausibly identify the nature of Defendant's alleged breach." *Id*. at 4–6. Lastly, Defendant asserts the claim for open account ("Count III") should be dismissed because Plaintiff failed to attach an itemized statement to support its claim. *Id*. at 6–7.

Plaintiff first responds that Count I does not fail because the Federal Rules of Civil Procedure do not require a plaintiff to attach a contract to a complaint. Resp. at 2. Next, Plaintiff asserts that Count II does not fail because (1) the Payment Installment Agreement is enforceable against the Defendant, and (2) Plaintiff properly alleged how Defendant breached the agreement. *Id*. at 5. Finally, Plaintiff asserts that Count III does not fail because Plaintiff attached a sufficient 'Itemized Statement' in compliance with Florida law. *Id*. at 7.

The Court now addresses each of the bases of the Motion to Dismiss, and the Plaintiff's responses.

### 1. Plaintiff Was Not Required to Attach the Sales Agreement to the Amended Complaint

Defendant asserts that "[u]nder Florida law, a written contract or document that forms the basis of a claim for relief must be attached to or incorporated in the pleading." Mot. at 4 (citing *Diaz v. Bell MicroProducts-Future Tech, Inc.*, 43 So. 3d 138, 140 (Fla. 3d DCA 2010). Defendant argues that Count I must be dismissed because the Sales Agreement was not attached to the pleading. *Id*.

However, as Plaintiff points out, it is well-established that in federal court a plaintiff is not required to attach a copy of a contract to a complaint. *See, e.g.*, *Manicini Enters. V. Am. Express Co.*, 236 F.R.D. 695, 698 (S.D. Fla. 2006) (holding that a plaintiff's failure to attach purported written contracts to complaint asserting breach of contract did not warrant dismissal for failure to state a claim); *see also Punta Gorda—Charlotte Harbor Dev., LLC v. Allstate Ins. Co.*, No. 2:08-CV-719-FM-29SPC, 2009 WL 3418260, at *2 (M.D. Fla. Oct. 20, 2009) ("Failure to attach the contract as an exhibit is not fatal to the Amended Complaint ... [because] Rule 8 does not require a plaintiff to plead with the greatest specificity it can."). As this case is in federal court and governed by the Federal Rules of Civil Procedure, Plaintiff was not required to attach a copy of the Sales Agreement to the FAC.

### 2. The Payment Installment Is Enforceable Against the Defendant

Defendant asserts that Count II should be dismissed because the Payment Installment Agreement "does not 'reflect assent by the parties to all essential terms' as it is actually two separate documents: the first unsigned by two of the three purported parties to the agreement, and the second unsigned by Defendant." Mot. at 5. Defendant does not assert that it did not sign the Payment Installment Agreement.

Even assuming arguendo that the Payment Installment Agreement was not properly signed, the agreement is nonetheless enforceable against Defendant. Under Florida law, "[a]n unsigned contract may be binding and enforceable where the parties perform under the contract, because assent may be shown by the parties' conduct." *United Rentals, Inc. v. Kimmins Contracting Corp.*, No. 8:08-cv-835-T-33TBM, 2009 WL 4885028, at *4 (M.D. Fla. Dec. 14, 2009). A signature is used to demonstrate mutual assent, "but these facts may be shown in other ways, for example, by the acts or conduct of the parties." *Muckle v. Healthcare Support Staffing, Inc.*, 2016 WL 3003217, at *1 (M.D. Fla. May 23, 2016) (internal quotation marks omitted).

Here, the conduct of the parties demonstrates that the Payment Installment Agreement was an enforceable contract. As an initial matter, all parties, albeit separately, signed the agreement. *See* FAC ¶¶ 38–40. Furthermore, Defendant has "ma[d]e payments to Plaintiff for at least some amount of money due under the Payment Installment Agreement." *Id.* ¶ 44. These payments, along with the parties continued business relationship, demonstrate that the Payment Installment Agreement is a valid and binding contract.

### 3. Plaintiff Plausibly Alleged That Defendant Breached the Payment Installment Agreement

Defendant further asserts that Count II should be dismissed because the FAC fails to plausibly allege how Defendant "actually breached the agreement." Mot. at 5. Defendant argues that the Payment Installment Agreement states that Defendant shall re-pay Plaintiff "as the cash flow of [Defendant] allows it," but the FAC fails to plausibly allege how Defendant breached its alleged obligation. *Id.* at 6. Defendant states "[P]laintiff concludes, without any alleged factual basis, that Defendant surely should have been able to pay *something* in the last few months, omitting any reference to pandemic effects, skyrocketing logistics costs, labor costs, and inflationary impacts." *Id.*

To state a claim for breach of contract, a plaintiff must allege: (1) a valid contract; (2) a material breach; and (3) damages. *Murray v. Playmaker Services, LLC*, 512 F. Supp. 2d 1273, 1279 (S.D. Fla. Sept. 25, 2007). Here, Plaintiff plausibly alleges that Plaintiff and Defendant entered a valid contract, the Payment Installment Agreement. FAC ¶¶ 37–41. Plaintiff also plausibly alleges a material breach—that Defendant is "currently still operating as a revenue generating business," but has "failed to repay the entire debt" due under the Payment Installment Agreement. *Id*. ¶¶ 42–43. Lastly, Plaintiff plausibly alleges damages—a loss of $229,375.07. *Id*. ¶ 42. Because Plaintiff plausibly alleged a valid contract, a material breach, and damages, Plaintiff plausibly alleged a claim for breach of contract.

    **4.   The Itemized Statement Complies with Florida Law**

Defendant's final argument is that Count III should be dismissed because Plaintiff failed to attach an "itemized copy of the account" to the complaint, as required by Florida law. Mot. at 6–7. Plaintiff and Defendant both acknowledge that Plaintiff did attach to the FAC 'Exhibit A'—an itemized statement which includes "the items at issue by description and quantity, the time of accrual in the form of the dates on which the orders were placed and shipped, and the amount of each item/shipment." Resp. at 7 (citing ECF No. 21-2). Yet Defendant asserts the itemized statement "does not qualify as an itemized copy of the account to support a claim of an open account [because t]here are no details regarding the time when the goods are delivered—only shipment date." Mot. 6–7. Defendant also asserts the "PO Date" lists dates that are multiple years in the future, which is a "fatal defect." *Id*. at 7.

As an initial matter, Defendant relies on *Moore v. Boyd*, 62 So.2d 427, 428 (Fla. 1952), for the proposition that the itemized attachment must include the "time when such goods were delivered." Mot. at 6. Yet in *Moore*, the court expressly stated that a claim for open account

"would have been sufficient . . . if it had stated the **period of time during which the goods were sold and delivered** . . . ." 62 So.2d at 428 (emphasis added).  An itemized attachment need not include a "time of delivery" as suggested by Defendant.  Rather, it must indicate the "period of time" during which goods were sold and delivered.  *Id*.  Plaintiff's claim does not fail for failure to include a specific time in the itemized attachment.

While it is admittedly "not as easy as it should be to identify what does—or does not—constitute a cause of action for 'open account'" under Florida law, the majority of Florida courts have held that an action for open account requires that a plaintiff:  (1) plausibly allege an "unsettled debt arising from items of work and labor, with the expectation of further transactions subject to future settlements and adjustment"; and (2) attach an itemized copy of the account.  *H & H Design Builders, Inc. v. Travelers' Indem. Co.*, 639 So. 2d 697, 700 (Fla. 5th DCA 1994); *Farley v. Chase Bank, U.S.A., N.A.*, 37 So. 3d 936, 937 (Fla. 4th DCA 2010); *S. Motor Co. of Dade Cty. v. Accountable Const. Co.*, 707 So. 2d 909, 912 (Fla. 3d DCA 1998).  Here, Plaintiff plausibly alleges an unsettled debt with the expectation of further transactions subject to future settlements and adjustments and attaches an itemized copy of the account to the Complaint.

IV.    **CONCLUSION**

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion for to Dismiss (ECF No. 29) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of October 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record